IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT PORTIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO.: 04-40133-NG |
| | ) |
| DAVID WINN, Warden, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT**

The Respondent David L. Winn, through his undersigned counsel, respectfully submits this memorandum in support of his motion to dismiss the Petition For Writ of Habeas Corpus ("Petition").

At the time the Petition was first received by the Court on July 13, 2004, the Petitioner Robert Portier was a prisoner incarcerated at Federal Medical Center in Devens, Massachusetts. The Petition, brought pursuant to 28 U.S.C. § 2241, alleges that the Federal Bureau of Prisons ("BOP") has incorrectly calculated the appropriate credit for Good Conduct Time ("GCT").

On September 29, 2004, the Petitioner was released from FMC Devens via GCT. See attached Declaration of Ann Zgrodnik, ¶ 3; see also, attached Public Information Inmate Data sheets concerning Petitioner and printed November 5, 2004. As Petitioner is no longer in BOP custody, there is no meaningful relief that this Court can provide under 28 U.S.C. § 2241.

Federal courts lack constitutional power to decide "questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).  The lack of power "to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."  Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964).  A justiciable controversy that existed at one time, but no longer remains, is moot.  See United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004); Advanced Mgmt. Tech., Inc. v. FAA, 211 F.3d 633, 636 (D.C. Cir. 2000).  If a case is moot, the court must dismiss it for lack of jurisdiction.  DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).  "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief."  Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 17 (1st Cir.2003).  "[T]he mere desire for a favorable precedent is not sufficient to prevent a case from becoming moot."  United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004).

As this Court can no longer provide any relief to the Petitioner for the alleged wrong he asserted in his Petition, this case is moot and must be dismissed.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

|  |  |
|---|---|
|  | By: /s/ Gina Walcott-Torres |
|  | Gina Walcott-Torres |
|  | Assistant U.S. Attorney |
|  | John Joseph Moakley U. S. Courthouse |
|  | One Courthouse Way, Suite 9200 |
|  | Boston, Massachusetts 02210 |
| November 5, 2004 | 617-748-3100 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon Petitioner Robert Portier, 7 Laurel Avenue, Ware, Massachusetts 01082 (which is the last known address for the Petitioner, post-release), by first class, postage prepaid mail on this date.

November 5, 2004                    /s/ Gina Walcott-Torres
                                    Gina Walcott-Torres